**IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**

| | |
|---|---|
| LAW OFFICES OF LEONARD I DESSER, P.C.<br>920 Providence Rd.<br>Baltimore, MD 21286<br><br>       Plaintiff<br>vs.<br><br>SHAMROCK COMMUNICATIONS, INC.<br>d/b/a 100.7 FM THE BAY<br>Scranton Times Building<br>149 Penn Avenue<br>Scranton, PA 18503<br><br>  Serve: William M. Hopkinson, Agent<br>         2809 Elliot Street<br>         Baltimore, MD 21224<br><br>       Defendant. | CIVIL ACTION NO. |

**CLASS ACTION COMPLAINT**

In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy . . ." 47 U.S.C. § 227, Congressional Statement of Findings #5. Specifically, in enacting the TCPA, Congress outlawed telemarketing via unsolicited facsimile ("Junk Fax"). See 47 U.S.C. § 227. The Law Offices of Leonard I. Desser, P.C. ("Plaintiff"), on behalf of itself and all persons and entities similarly situated, files this complaint against the Defendant Shamrock Communications, Inc. d/b/a 100.7 FM The Bay ("The Bay"), for its violation of federal telemarketing law.

## THE PARTIES

1. Plaintiff is a Maryland professional corporation with a principal place of business at 920 Providence Road, Baltimore, MD 21286

2. Defendant Shamrock Communications, Inc. d/b/a 100.7 The Bay ("The Bay") is a Corporation formed in Pennsylvania with a registered agent in Maryland located at 2809 Elliot Street in Baltimore, MD 21224. Shamrock Communications, Inc. owns and operates a variety of radio broadcast stations, including 100.7 FM The Bay, with the Callsign WZBA in Maryland, located at 11350 McCormick Road, Executive Plaza III, Suite 701 in Hunt Valley, MD 21031.

## JURISDICTION

3. This Court has subject matter jurisdiction of the claims asserted in this action under §4-402 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland and under the TCPA.

4. Personal Jurisdiction exists under §6-102(a) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

5. Venue is proper because the Defendant carries on a regular business in Baltimore County, Maryland within the meaning of §6-201(a) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

## THE LEGAL BASIS OF THE CLASS CLAIMS

6. This class action arises from violations of federal and state law prohibiting privacy violations via invasive telemarketing practices.

7. The claims of the Plaintiff, and the class of persons it seeks to represent, arise pursuant to the provisions of the TCPA, a federal statute enacted to prohibit unreasonable invasions of privacy via certain telemarketing practices.

8. The TCPA was also enacted to protect the property rights of the recipients of unsolicited facsimile advertisements.

9. The TCPA prohibits the use of a facsimile machine to send unsolicited advertisements for goods and services. 42 U.S.C. §227(b)(1)(C).

10. The TCPA requires that even facsimile advertisements sent to consumers who consented to receipt, or with whom the advertiser had an established business relationship, must include language on the facsimile which clearly informs the recipient that they may request that future facsimiles cease, and that failure to remove the consumer's facsimile from the telemarketer's database within thirty days is itself a violation of the TCPA. These requisites are referred to as "Compliant Opt Out Notice." See 42 U.S.C. §227(b)(2)(D).

11. The TCPA provides a private right of action in state court, as follows:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receiver $500 in damages for each violation, whichever is greater, or (C) both such actions.

47 U.S.C. §227(b)(3).

12. The federal regulations implementing the TCPA similarly provide that no person may "[u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 C.F.R. §64.1200(a)(3).

13. The TCPA provides for a cause of action in state court.

14. Plaintiff brings this action individually and as the representative of all members of a class, nationwide, pursuant to Maryland Rule 2-231.

**FACTUAL ALLEGATIONS AS TO THE REPRESENTATIVE PLAINTIFF**

15. On November 16, 2009 and, upon information and belief, on other dates before and after that date, The Bay transmitted unsolicited facsimile advertisements to Plaintiff and to thousands of other consumers in Maryland and elsewhere throughout the United States. A copy of the advertising content that was sent to Plaintiff on November 16, 2009 is attached as Exhibit A.

16. Plaintiff did not give express prior invitation or permission, and did not give prior consent in any fashion, for the transmission of the advertisement to Plaintiff via facsimile.

17. Plaintiff did not have a prior business relationship with The Bay.

18. The facsimile did not contain a Compliant Opt Out Notice.

**CLASS ALLEGATIONS**

19. Plaintiff brings this action pursuant to Maryland Rule 2-231 on behalf of a class of all other persons or entities similarly situated throughout the United States.

20. Upon information and belief, at time(s) over the past four years, The Bay has engaged in advertising via unsolicited facsimile transmission in violation of the TCPA including its regulations promulgated by the Federal Communications Commission ("FCC").

21. Upon information and belief, pursuant to uniform policy and procedure, The Bay has transmitted unsolicited facsimile advertisements to thousands of consumers and entities throughout Maryland and the United States.

22. The Bay did not have an established business relationship, obtain consent, prior express permission or invitation of facsimile recipients prior to the transmission of facsimile advertisements.

23. To the extent facsimile advertisements were transmitted by The Bay to consumers who had given consent, or had an established business relationship with The Bay, the facsimile advertisements are still in violation of the TCPA as they did not contain the Compliant Opt Out Notice required by law.

24. The class of persons represented by Plaintiff is composed of all persons or entities within the state of Maryland to whom The Bay sent, or caused to be sent, facsimile advertisements promoting The Bay and its services, at any time within four years prior to the filing of the instant Complaint.

25. The class as defined above is identifiable by phone records, fax transmittal records, and fax number databases, used by The Bay or its agents, in transmitting its unsolicited facsimile advertisements. The potential class members number in the thousands and constitute a class so numerous that joinder of all class members is impracticable.  Plaintiff is a member of the class.

26. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a.   Whether The Bay violated the TCPA and FCC promulgating regulations by engaging in illegal fax advertising.

    b.   Whether the facsimiles sent by The Bay to class members constitute unsolicited advertisements;

    c.   Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of The Bay's actions.

27. Plaintiff's claims are typical of the claims of the class.

28. Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the class, it will fairly and adequately protect the interests of the class, and it is represented by counsel skilled and experienced in class actions.

29. The actions of The Bay are generally applicable to the class as a whole and to Plaintiff.

30. Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the

controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by The Bay and/or its agents.

31. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

32. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

33. Plaintiff is capable of and is willing to represent the other members of the class.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF THE TCPA

34. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

35. The Bay, or its agents, carelessly and recklessly caused unsolicited facsimile advertisements to be sent to Plaintiff and to the facsimile machines of other members of the class, in violation of the TCPA and the FCC's promulgating regulations.

36. By causing unsolicited facsimile advertisements to be sent to the class, The Bay violated the privacy rights of class members.

37. By causing unsolicited facsimile advertisements to be sent to the class, The Bay caused class members to sustain property damage and costs for paper and toner.

38. By causing unsolicited facsimile advertisements to be sent to the class, The Bay interfered with the class members' use of their property by encumbering and occupying their facsimile machines with the advertisements.

39. The Bay carelessly failed to provide the requisite notice on its advertisements of a recipient's right to cease receiving such advertisements and a cost free mechanism to make such request.

40. The TCPA provides for statutory damages in the amount of a minimum of $500 for each separate violation of the TCPA.

## COUNT II: INJUNCTIVE RELIEF

41. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

42. The TCPA expressly authorizes injunctive relief to prevent future violations of the Act.

43. Plaintiff, for itself and the Class, respectfully petitions the Court to order The Bay to immediately cease engaging in unsolicited facsimile advertising in violation of the TCPA.

## COUNT III: VIOLATION OF THE MD-TCPA
## MARYLAND ANNOTATED CODE, COMMERCIAL LAW ART. § 14-3201-3202

44. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

45. By its actions as alleged above, Defendant violated Maryland Annotated Code, Commercial Law Art. § 14-3201-3202 (MD-TCPA).

## PRAYER FOR RELIEF

WHEREFORE, on behalf of itself and the other members of the class, the Plaintiff prays for the following relief:

1. That The Bay immediately be restrained from engaging in future telemarketing in violation of the TCPA.

2. That The Bay, its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify the members of the class.

3. That this Court certify the claims of the named Plaintiff and all other persons similarly situated as class action claims as provided by Maryland Rule 2-231.

4. That the named Plaintiff and the other members of the class action so certified be awarded $500 for each violation of the TCPA by The Bay.  In the aggregate, the damages sought exceed $100,000; however, neither Plaintiff nor any single class member seeks more than $74,999, including attorney's fees and costs.

5. That the Court enter an appropriate order enjoining The Bay, its agents, or anyone acting on its behalf, from altering, erasing, changing, deleting, destroying or otherwise disposing of any records, including computer disks or computer programs, in its possession or control which can be used to identify all persons, corporations, or other entities to whom defendants have transmitted unsolicited facsimile advertisements.

6. That the named Plaintiff and the members of the class be granted such other and further relief as is just and equitable under the circumstances.

_____/s/_____
Stephen H. Ring, Esq.
STEPHEN H. RING, P.C.
506 Main Street, Suite 215
Gaithersburg, MD 20878
Phone: (301) 563-9249
Fax: (301) 563-9639
shr@ringlaw.us
USDC-MD Attorney No. 00405


/s/ Edward A. Broderick
BRODERICK LAW, P.C.
727 Atlantic Ave., Second Floor
Boston, MA 02111
Phone: (617) 738-7080
ted@broderick-law.com
*Pro hac vice*, subject to motion and court approval


/s/ Matthew P. McCue
The Law Office of Matthew P. McCue
340 Union Ave.
Framingham, MA 01702
Phone: (508 620-1166
mmccue@massattorneys.net
*Pro hac vice*, subject to motion and court approval

Attorneys for PLAINTIFF


## JURY DEMAND

**THE CLASS PLAINTIFF REQUESTS A JURY TRIAL AS TO ALL CLAIMS OF THE COMPLAINT SO TRIABLE.**


_____/s/_____
Stephen H. Ring