# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LAW OFFICES OF LEONARD I. DESSER, P.C.,** | * | |
| **Plaintiff** | * | |
| v. | * | CIVIL NO. JKB-12-2600 |
| **SHAMROCK COMMUNICATIONS, INC., d/b/a 100.7 FM THE BAY** | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

This lawsuit was filed on August 30, 2012, by Plaintiff, Law Offices of Leonard I. Desser, P.C., against Defendant Shamrock Communications, Inc., d/b/a 100.7 FM The Bay, as a putative class action for Defendant's alleged violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, because it allegedly sent "junk faxes" that failed to comply with the TCPA. (Compl., ECF No. 1.) An amended complaint corrected the name of the court, but made no other changes. (ECF No. 7.) The Court granted an unopposed motion to dismiss Count III of the complaint, brought pursuant to the Maryland TCPA (ECF Nos. 14, 15), and Defendant then filed its answer to the amended complaint (ECF No. 16). A scheduling order was entered that provided, *inter alia*, for a period of discovery for both merits and class certification purposes and a deadline for filing a motion for class certification. (ECF No. 20.)

Now pending before the Court are several motions:

- ECF No. 23 – Plaintiff's motion for leave to file a second amended class action complaint,
- ECF No. 24 – Defendant's motion to strike class allegations,

- ECF No. 27 – Plaintiff's motion for extension of time for amendment of pleadings, by eleven days, *nunc pro tunc*, and
- ECF No. 28 – Plaintiff's motion to compel discovery responses.

All motions have been extensively briefed (ECF Nos. 25, 30, 31, 32, 34, 35, 36), and no hearing is necessary, Local Rule 105.6 (D. Md. 2011). The Court notes that the motions are intertwined and should be considered together. Plaintiff's motions will be granted, and Defendant's motion will be denied.

The Court begins with the motion by Plaintiff to extend the time in the scheduling order by eleven days, *nunc pro tunc*, for moving for amendment of pleadings and with the motion for leave to file a second amended complaint. Because the scheduling order should only be altered for good cause, Federal Rule of Civil Procedure 16(b)(4), the Court must determine whether Plaintiff has presented good cause. Although Plaintiff has stated that it received a hard copy of Defendant's discovery responses only after the scheduling order's deadline for moving to amend (it received an electronic version the day before), the timing of Defendant's responses is not the basis for the Court's decision. Plaintiff has said that it wants to clarify a discrepancy in the complaint between language defining the class members in one place that differs from other allegations as to the scope of the class. Specifically, Plaintiff wants to clarify that it is alleging a nationwide class, not one limited to Maryland.

In the Court's view, the good cause arises from this discrepancy in the complaint. It is nonsensical to litigate this case when some allegations clearly refer to recipients of "junk faxes" outside of Maryland and allege a nationwide class (Am. Compl. ¶¶ 14, 15, 19, 21) and when one other allegation defines the class as persons within Maryland (¶ 24). Defendant was unequivocally put on notice that Plaintiff would be seeking certification of a nationwide class by the following allegations:

14. Plaintiff brings this action individually and as the representative of all members of a class, nationwide . . . .

15. . . . [Defendant] transmitted unsolicited facsimile advertisements to Plaintiff and to thousands of other consumers in Maryland and elsewhere throughout the United States.

19. Plaintiff brings this action . . . on behalf of a class of all other persons or entities similarly situated throughout the United States.

21. . . . [Defendant] has transmitted unsolicited facsimile advertisements to thousands of consumers and entities throughout Maryland and the United States.

Good cause exists for Plaintiff to file its proposed second amended complaint, and leave will be granted. The disputed difference in wording in the complaint is also critical to Plaintiff's motion to compel. Plaintiff states that Defendant has limited its discovery responses to recipients in Maryland of its facsimiles and further limited its discovery responses to recipients in Maryland of the one facsimile also received by Plaintiff. (Pl.'s Mot. Compel 1, ECF No. 28-1.) Given the Court's ruling that Plaintiff is permitted to file a second amended complaint clarifying that Plaintiff seeks to represent a nationwide class, this limitation is now untenable, both in terms of geographic reach and the relevant time period. Defendant has additionally argued that Plaintiff has not made a single factual allegation to support a nationwide class action or even one beyond Maryland's borders. (Def.'s Opp'n 1, ECF No. 28-6.) However, even the original complaint made those allegations. And some of the discovery responses produced by Defendant indicate that it includes recipients outside of Maryland in its marketing efforts. (*See, e.g.*, ECF No. 27-3.) It is reasonable to infer that such recipients outside of Maryland received the facsimiles alleged to be in violation of the TCPA. The motion to compel will be granted, and Defendant's motion to stay discovery (included as a response to Plaintiff's motion to compel) will be denied.

The last motion to be addressed is Defendant's motion to strike the class allegations in the complaint. This motion is effectively an opposition to Plaintiff's anticipated motion for class certification and is premature. *See* 7B Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1795, at 40 (3d ed. 2005) ("Subdivision (d)(4) [of Rule 23 permitting the elimination of class allegations] is procedurally inseparable from subdivision (c)(1)(A) [governing class certification "at an early practicable time"]"). At the proper juncture in this case, and when all concerned are fully informed as to relevant circumstances, the Court will entertain a motion for class certification. As of now, discovery has not concluded. For the most part, Defendant remains firmly in control of the evidence that would bear upon the certification decision. Its responses to Plaintiff's discovery requests must be appropriately supplemented. The deadline for discovery remains June 1, 2013, and Plaintiff's motion for class certification is due July 1, 2013.

Finally, an additional concern arises from Defendant's motion to strike class allegations because it relies upon affidavits from potential members of the class. Apparently, Defendant or Defendant's counsel solicited these affidavits as a means of opposing class certification. This contact with potential class members, especially for the purpose of opposing certification of the class, is problematic. Defendant has not provided the substance of its communications with these affiants, and it is unknown if those communications adequately informed the affiants of the pendency of the instant action or that the affiants are possible members of the class. Consequently, Defendant shall file with the Court a report on its communications with the affiants and any other potential class members and provide a copy of those communications, if they exist in written form. If the communications were oral, Defendant shall recount in its report what information it conveyed to the affiants and other potential class members.

A separate order will issue.

DATED this 21st day of May, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge