IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAW OFFICES OF LEONARD I. DESSER, P.C., | * |
| Plaintiff | * |
| v. | CIVIL NO. JKB-12-2600 |
| SHAMROCK COMMUNICATIONS, INC., d/b/a 100.7 FM THE BAY | * |
| Defendant | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Court has reviewed the report filed by Defendant relating to contacts with putative class members (ECF No. 41) in response to the Court's memorandum and order of May 21, 2013 (ECF No. 37, 38). In that earlier opinion, the Court expressed concern about the communications by Defendant or Defendant's counsel with potential class members for the specific purpose of opposing class certification. The Court pointed out that it had not been provided the substance of these communications and, further, that it was unknown if those communications sufficiently informed those contacted about the pendency of this lawsuit or that they were potentially members of the proposed plaintiff class. In its report, defense counsel says he "has not had _any_ communications with any potential class member." The report goes on to say that Defendant's sales manager, Joe Heffron,

> in the course of his regular business dealings with The Bay's customers, confirmed that they had given express permission to The Bay to send any and all advertisements regarding radio sales and other promotions to them for their review. . . .No script was provided to Mr. Heffron. According to Mr. Heffron, the conversations centered around the allegation in the lawsuit that any and all facsimiles sent by The Bay were unsolicited. The affidavits that were exhibits to

The Bay's Motion to Strike were simply confirmation by these repeat customers that such allegation was not accurate.

Some things in this report deserve comment. First, defense counsel asserts he had no contact with the advertisers who provided the affidavits in support of Defendant's motion to strike. And this assertion is undoubtedly literally true. However, the affidavits at issue were apparently drafted by defense counsel or someone in his office. They all carry identical case captions and are identical in substance, save for the names and specific contact information for the affiants. Moreover, they carry the same internal law office file number shown by defense counsel on all of its other filings with the Court. Thus, defense counsel may not have been the one to pick up the telephone and call the affiants, but he was apparently part of the effort to contact them.

Second, the report is inadequate in describing the communications between Defendant and potential members of the plaintiff class. The report merely says, "[T]he conversations centered around the allegation in the lawsuit that any and all facsimiles sent by The Bay were unsolicited." What the report does not say is whether Defendant provided each person contacted with a copy of the complaint, explained all of the allegations of misconduct under the federal Telephone Consumer Protection Act (not simply the allegation about whether facsimiles were solicited or not), explained to the customers that their provision of affidavits was completely voluntary and would not affect their business relationship with Defendant, told them that they could consult a lawyer of their choosing, provided them with name and contact information for Plaintiff's counsel, or explained to them that providing Defendant with an affidavit could affect their ability to participate in the lawsuit or to receive monetary compensation from Defendant. The absence of these kinds of communications readily distinguishes this case from the case cited by Defendant, *Slavinski v. Columbia Ass'n, Inc.*, Civ. No. CCB-08-890, 2011 WL 1310256 (D.

Md. Mar. 30, 2011), where contacts by a defendant's counsel were held not to be improper. *See also Keystone Tobacco Co. v. United States Tobacco*, 238 F. Supp. 2d 151, 153 (D.D.C. 2002) (noting that provision of copy of complaint to putative class members necessarily provided them with contact information for plaintiffs' counsel). *But see Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1231 (S.D. Ala. 2008) (not necessary for defendant to identify plaintiffs' counsel or provide contact information to potential class members).

If putative plaintiffs are to be contacted regarding this lawsuit, then it is important to a fair resolution of the case that communications with them are neutral, balanced, and complete. Perhaps they were, but that is not evident from the report provided by Defendant. Instead, it is reasonable to infer from Defendant's omissions that Defendant's business manager presented Defendant's view of the litigation to those contacted without balancing it against Plaintiff's view of the case or informing them of other considerations, such as voluntariness and potential effect on their participation in the litigation. Thus, the Court finds that a satisfactory basis exists to impose measured limitations on contacts by the parties and the parties' counsel with potential members of the plaintiff class. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02 (1981) (requiring "a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties" and "a carefully drawn order that limits speech as little as possible").

Of course, the Court has no desire to limit Defendant's communications with anyone when those communications relate to routine business matters, and those will remain unaffected by the Court's order. But until the question of class certification is resolved, any communication *about this lawsuit* by either side with those who may fall into the potential plaintiff class must reflect a careful balance of competing viewpoints and possible effects on those contacted—consistent with the concerns expressed by the Court in comparing this case to the *Slavinski* case.

To ensure that all such communications comply with this order, the parties shall seek leave to contact putative class members for the purpose of supporting or opposing class certification. In applying for leave, the parties should detail their intended conversations or written communications with potential plaintiffs. Communications between the parties and putative class members that do not relate to the instant litigation are not restricted by this order. Any communications that may have occurred prior to this order, in anticipation of the question of class certification, and that are separate from the communications preceding the affidavits at issue shall be reported to the Court and shall provide sufficient detail for the Court to determine whether they are in keeping with the concerns expressed here.

Further, because the Court is unable to determine whether the affidavits obtained by Defendant in support of its motion to strike class allegations were obtained after neutral and balanced communications with potential class members, the affidavits docketed as Exhibit A to Defendant's reply (ECF No. 36-1) are hereby stricken, without prejudice to Defendant's right to submit affidavits that are obtained in compliance with this order.

DATED this 10th day of June, 2013.

                                                      BY THE COURT:

                                                    /s/
                                                   James K. Bredar
                                                 United States District Judge